No. 25,798.

LONIE L. GETTER, *Appellee*, v. DAVID T. GETTER, a Minor, and RALPH C. GETTER, as Guardian, etc., and as Executor of the Estate of DAVID T. GETTER, Deceased, *Appellants*.

SYLLABUS BY THE COURT.

HUSBAND AND WIFE—*Antenuptial Contract—Construction—Descents and Distributions.* An antenuptial contract interpreted, and held to bar a widow's claim to a share of her deceased husband's estate under the statute of descents and distributions.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed March 7, 1925. Reversed.

*F. P. Hettinger, James Hettinger, C. M. Williams,* and *D. C. Martindell,* all of Hutchinson, for the appellants.

*Walter F. Jones,* and *F. F. Prigg,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for partition of real estate. Plaintiff claimed under the statute of descents and distributions, as widow of the deceased owner, David T. Getter, who left a will to which

she had not consented. The defense was that she had executed an antenuptial contract which barred her claim. A demurrer to the answer was sustained and the executor and devisee appeal.

The antenuptial contract reads as follows:

"This Contract, Made and entered into between David T. Getter, of the first part, and Lonie Catrow, of the second part, this 30th day of June, 1920, witnesseth: That whereas, said parties to this contract are single and contemplate being married to each other, and in contemplation of such marriage it is the desire of both of the said parties to this contract to have all property rights settled and adjusted, including present, future and contingent interests of each; it is therefore mutually agreed between the parties to this contract that all property owned by each of said parties, including real and personal property of every nature and kind, before and at the date of their marriage, shall be and remain the individual and separate property of each of the said parties, and for the purpose of settling all future support of every nature and kind whatsoever, it is agreed on the part of the said David T. Getter that he will pay to the said Lonie L. Catrow the sum of three thousand dollars; five hundred dollars cash in hand paid, the receipt of which is hereby acknowledged by the said Lonie L. Catrow, and the balance of said sum of three thousand dollars within three years from the dating and signing of this contract."

On June 11, 1921, Getter made his will, which contained the following provision:

"Fifth. It is my will, in contemplation of a certain antenuptial contract entered into between myself and my present wife, Lonie L. Getter, the consideration of which was to be received by her in lieu of her dower or any other interest or claim in or to my estate or any portion thereof, that should she be living at the time of my death she shall receive no portion of my estate. . . ."

On October 14, 1923, Getter died.

In this state contracts freely and fairly made between persons contemplating marriage, settling property rights, are looked upon with favor, and are to be liberally interpreted with a view of carrying out the intention of the parties. Marriage is a good consideration for such a contract, and the subject of what interest the survivor shall take in the estate of the deceased spouse stands upon the same footing as any other subject of antenuptial contract. (*Hafer v. Hafer*, 33 Kan. 449, 6 Pac. 537.) In the interpretation of such a contract, intention of the parties is sought, and, when found, intention governs. To bar inheritance, an intention to do so must be disclosed by the instrument. Such an intention may not be derived by mere implication from extensions of term meanings beyond just and fair import, or by strained construction; but an express provision

covering the subject of succession is not necessary. (*Rouse v. Rouse*, 76 Kan. 311, 317, 318, 91 Pac. 45.)

The parties to the contract under consideration stated their intention. They said the contract was designed to settle and adjust all property rights, including present, future and contingent interests of each. Then follow provisions for individual ownership of what each one had before and at date of marriage, and for future support of the woman. Applying the interpretative declarations, these provisions did not settle and adjust two subjects of contract only; they settled and adjusted all property rights of each one, including present, future and contingent interests. Right of succession was clearly embraced in the expression "future and contingent interests," and neither one as survivor of the other could have or enjoy any interest in the property of the other by virtue of the marriage. This meaning is made manifest by inverting the terms of the contract: Whereas, the parties hereto contemplate marriage, therefore each one shall retain his individual property, and the woman shall receive three thousand dollars in money. This settles and adjusts all property rights of the parties, including present, future and contingent interests of each.

The judgment of the district court is reversed, and the cause is remanded with direction to overrule the demurrer to the answer.